Johnson, J.
The evidence in support of this charge was, that defendant had, within three months before his arrest at the suit of the plaintiff, sold and disposed of the whole of his visible estate and effects, and appropriated the proceeds to the payment of some of his creditors, and assigned his books of account to others, to the exclusion of the plaintiff. The defendant carried on the coach-making business on an extensive scale, and the evidence is very abundant that finding himself embarrassed and unable any longer to carry on the business, he sold out the establishment, consisting of a lot on which suitable buildings for that purpose had been erected, and tools and materials, to Black & Wells, on a credit, for three thousand dollars, for which he took five several promissory notes payable at different days. Some of these notes he transferred to his creditors, and others were discharged by Black <$z Wells, who gave their own notes to defendant’s creditors for the amount of their debts; and defendant assigned to one of his creditors his books of account; thus disposing of all his effects.
The Prison bounds Act (Pub. Laws, 457) expressly declares, that no prisoner shall “ be discharged without fully satisfying the action or execution on which he or she is confined,” if, amongst other things, he or she “shall have, within three months before his or her confinement, or at any time since, paid or assigned his estate, or any part thereof, to one creditor in preference to another, or fraudulently sold, conveyed pr assigned his estate, to defraud his creditorsand the question is, whether the circumstances before stated constitute such an illegal preference of one creditor over another as to deprive the defendant of the benefit of the act.
The language of the Court in Walker v. Briggs, 1 Hill, 128, is, “that by undue preference in the Act is meant such an intentional preference of one creditor as may enable him to receive payment, and altogether defeat, delay or hinder another from being paid.” In Stover v. Duren, 2 M’Cord, 266, there is a dictum that “ any preference of one creditor per se, deprives the defendant of the benefit of the act;” but that case was decided exclusively on the ground that the schedule was not filed within the time prescribed by the act, and Justices Nott and Richardson, with more circumspection than the rest of the Court, have so qualified their concurrence, and I apprehend that the true intention of the act was to exclude from its benefits only such as in preferring one, intended to deprive the other of the means of obtaining his debt, or a rateable proportion of the value of his debtor’s property, or the fund in his possession. Every class of men, and merchants more particularly, are exposed to sudden reverses of fortune, and may almost in an instant of time bo reduced from affluence to hopeless insolvency, *420 anc^ ^ never could have been intended to deprive them of the benefit of the act, for paying one creditor within the limited Per‘ocb when they might have reasonably supposed that they were abundantly able to pay all his debts.
M'Alily, for the motion.
Hill, contra.
There can be no difficulty, however, about the present case. The defendant knew he was insolvent, and having ascertained the amount of his means by an actual sale of his property, and knowing, as he necessarily must have done, that they were insufficient to pay all his debts, in common honesty and fair dealing, he ought to have distributed them pro rata amongst his creditors; and that was precisely what was contemplated by the act.
The finding of the jury on the remaining grounds, I am very decidedly of opinion could not be sustained, but as it can avail the defendant nothing, it would be unprofitable to consider them.
Motion dismissed.*
Harper & O’Neall, Js. concurred.